Honorable Mike Driscoll Harris County Attorney 1001 Preston, Suite 634 Houston, Texas 77002
Re: What constitutes a "bond" for purposes of article 179f, V.T.C.S., which regulates charitable raffles, and related questions (RQ-2108)
Dear Mr. Driscoll:
Article 179f, V.T.C.S., provides for the conduct of raffles[1]
by certain charitable organizations. Article 179f was adopted in 1989, to be effective January 1, 1990. Acts 1989, 71st Leg., ch. 957, § 1, at 4022.[2]
Section 3 of article 179f imposes various conditions on the conduct of raffles under the article. You ask about the scope of the language relating to the posting of bond in subsection (j) of section 3, which provides:
 A raffle is not authorized under this article unless the organization has in its possession or ownership the prize that is to be offered in the raffle or posts bond with the county clerk of the county in which the raffle is to be held for the full amount of the money value of such a prize. (Emphasis added.)
You note that article 179f does not define the term "bond" and ask first "what qualifies as a `bond' for purposes of subsection (j), section 3. We can not here provide an all-inclusive definition of the term "bond" as it is used in subsection (j), where the legislature has not done so. In the brief you submitted with your request, you consider in connection with your first question only whether a bond issued by a surety company authorized to do business in this state would qualify as a "bond" under subsection (j). We will limit our response to your first question to that issue.
You suggest that a bond executed by a surety company authorized to do business in this state, as provided for in article 7.19-1 of the Insurance Code, would, if executed for "the full amount of the money value of [the] prize" in accordance with subsection (j), qualify as a bond under that subsection. We agree. Article 7.19-1 of the Insurance Code on its face provides that whenever any bond is required by law to be made, such bond may be executed by a surety company duly qualified to do business in this state and that all public officers shall accept such bond as complying with the requirements of such laws. Thus a bond executed by a surety company authorized to do business in this state in the amount required by section 3(j) of article 179f would meet the requirement of a "bond" under that subsection.
You next ask whether the county clerk must accept a "cash bond" under article 179f. You note that the existing statutes governing the county clerk's handling of cash sums to be held by the clerk would not apply to the clerk's handling of cash amounts deposited with the clerk in connection with the bond requirement of article 179f. See Local Gov't Code §§ 117.052 (clerk to place money deposited in court pending result of legal proceeding in depository trust fund account in name of clerk), 117.053 (any payment by clerk from trust fund account must be made under order of court in which funds were deposited). You argue that the absence of statutory provision for the county clerk's handling of a "cash bond" placed with the clerk under article 179f, section 3(j), indicates that the legislature did not contemplate that a clerk must accept a "cash bond" in satisfaction of the bond requirement of that provision.
The term "bond" ordinarily refers to an "obligatory instrument in writing." See 10 Tex.Jur.3d Bonds and Undertakings § 1, and authorities cited therein. For numerous statutory bond requirements, the legislature has specified that cash bonds are acceptable. See, e.g., V.T.C.S. art. 179d, § 13a(b) (manufacturer of bingo equipment must give Alcoholic Beverage Commission "cash bond" or bond issued by surety company); Tax Code § 151.253
(security for sales tax permit application may be "cash bond" or bond from surety company); cf. Attorney General Opinion JM-215
(1984) (Department of Highways and Public Transportation could not place limits on type of bond acceptable under article 6686(a)(7), V.T.C.S., which sets bond requirements for motor vehicle dealers).[3]
We think that if the legislature had intended the term "bond" as used in article 179f to include a "cash bond," it would have given a clearer indication of such intent than we find in the sparse language of section 3(j), particularly as there are no statutory procedures for the county clerk's handling of the cash involved. If the county clerk, whose duties are ministerial in nature,[4] had been intended to accept and handle cash bonds under article 179f, we think the legislature would have established procedures for his doing so. As a practical matter, if an article 179f organization had the monetary value of the prize available in cash, it would not ordinarily need to post a bond — it could simply acquire the prize with such money. In response to your second question, it is our opinion that the county clerk may not accept a "cash bond" in satisfaction of the bond requirement of section 3(j) of article 179f.
You ask next what the term "post" bond in section 3(j) means. Webster's defines the term "post" when used with the word "bond" to mean "to furnish . . . to the proper authority." Webster's Third New Int'l Dictionary 1771 (4th ed. 1976). We think the requirement of "posting" in section 3(j) is met when an acceptable bond is furnished, or delivered, to the county clerk. See also 10 Tex.Jur.3d Bonds and Undertakings § 9 (bond must be "delivered" to be effective).
You ask last whether the county clerk must record such bond, and, if so, in what county record the bond would be filed.
The only provision we find that might arguably authorize the recording of an article 179f raffle bond is section 12.001(a) of the Property Code, which provides:
 An instrument concerning real or personal property may be recorded if it has been acknowledged, sworn to with a proper jurat, or proved according to law.
 The ordinary meaning of the term "instrument" is quite broad. Black's defines "instrument" as "a formal or legal document in writing, such as a contract, deed, will, bond, or lease." Black's Law Dictionary 719 (5th ed. 1979). But even if an article 179f bond might be an "instrument," as that term is used in section 12.001(a), we do not think it would be one "concerning real or personal property" within the meaning of that provision. Such bond is required under section 3(j) of article 179f only when the organization conducting the raffle does not have the prize in its possession. Therefore such bond would not ordinarily "concern" specific, identified property of the sort which we think a section 12.001(a) instrument was intended to relate to. See (former V.T.C.S. art. 6626(a) (provision codified without substantive change as section 12.001(a) of the Property Code, which enumerated as instruments subject to recording "deeds, mortgages, conveyances, deeds of trust, bonds for title, covenants, defeasances," etc.).
In response to your last question, it is our opinion that the county clerk is not required to record an article 179f raffle bond.
 SUMMARY
A bond issued by a surety company authorized to do business in Texas under Insurance Code article 7.19-1, if executed for the full amount of the money value of the raffle prize, would satisfy the bond requirement of section 3(j) of article 179f, which relates to charitable raffles.
The county clerk may not accept a "cash bond" in fulfillment of the bond requirement of subsection (j).
The requirement in subsection (j) that an organization "post" bond is met when an acceptable bond is furnished or delivered to the county clerk.
The county clerk is not required to record an article 179f bond.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Lou McCreary Executive Assistant Attorney General
 Judge Zollie Steakley Special Assistant Attorney General
 Renea Hicks Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by William Walker Assistant Attorney General
[1] Section 2(a)(8) of article 179f provides:
 `Raffle' means the awarding of one or more prizes by chance at a single occasion among a single pool or group of persons who have paid or promised a thing of value for a ticket that represents a chance to win a prize.
[2] The effectiveness of article 179f was contingent on the adoption of subsection (d) of section 47 of article III of the Texas Constitution, authorizing the legislature to provide for certain charitable raffles. The amendment adding subsection (d) to article III, section 47, was approved by the voters on November 7, 1989.
[3] The bond requirement in article 6686(a)(7) was removed at the next legislative session. Acts 1985, 69th Leg., ch. 465, § 5, at 1635.
[4] See, e.g., 35 D. Brooks, County and Special District Law § 10.5 (Texas Practice 1989) and authorities cited therein.